## VAUGHN vs. LYNN.

Where a parol agreement has been entered into between A and B, and A subsequently takes from B a higher security, the law presumes the parol contract to be merged.

### APPEAL from Benton Circuit Court.

NAPTON, J., delivered the opinion of the court.

This was an action of assumpsit brought by Vaughn against Lynn, upon a parol agreement that in consideration that said Lynn had become tenant to the said Vaughn for a year, of a certain farm, said Lynn had agreed to pay the plaintiff two barrels of corn per acre, for about fifteen acres, and one third of all the oats raised on the farm, to be delivered in the stack; and also to tend the same in a husbandlike manner, and keep the same in good repair.   The declaration alleged a breach of contract in all these particulars, and laid the damages at three hundred dollars.

The defendant pleaded non-assumpsit.   On the trial, the plaintiff proved that in the month of January, 1843, the plaintiff rented his farm to the defendant, (having recently purchased it of defendant,) and the defendant agreed to cultivate it well, and pay two barrels per acre for the small fields, (about fifteen acres,) and one third of the oats raised on the remainder of the farm, which defendant had not rented out

previsously to the sale to plaintiff; the oats to be delivered in the stack.

Defendant tended the land in corn and oats, but owing to the season, and the character of the soil, the crops, both of corn and oats, were not very abundant.

Plaintiff also proved a demand of the rent.  The defendant then called for an instrument of writing in possession of the plaintiff, which was as follows, "I, James Lynn, having heretofore rented of W. L. Vaughn the place on which I now reside, agree to pay said Vaughn, or his assigns; two barrels of corn per acre, for the small field, and one-third part of all the oats, to be delivered in the stack, and do assign to said Vaughn the rent, which is one-third part of the wheat now growing on tne place.   Witness my hand and seal, this 28th May, 1843.

JAMES LYNN."   [Seal.]

The court instructed the jury, that the instrument offered in evidence did not discharge the verbal agreement further than related to the payment of rent, and therefore the jury were at liberty to find damages for the non-performance of any other portion of the parol agreement.

The jury found a verdict for the defendant; a motion was made for a new trial, and overruled; exceptions having been duly taken to the several opinions of the court, the case is brought here by appeal.

The plaintiff in error contends that the sealed instrument, executed by Lynn, did not merge the previous parol agreement, or deprive Vaughn of his right of action thereon, unless the former was accepted by Vaughn as a satisfaction of the same.  We understand the law to be that where the creditor takes from the debtor himself, and not from a third person, a higher security, such higher security is presumed to be an extinguishment of the original demand.   Where the higher security is taken of a third person at the time of making the original contract, or afterwards, in satisfaction of the debt, it is also extinguished.   In the absence of all proof of intention, the above we understand to be the legal presumption, and we therefore see no ground for objection to the opinion of the circuit court.

But the plaintiff also objects that the circuit court considered the parol agreement as only in part extinguished by the bond, and therefore permitted the jury to enquire of the damages which the plaintiff may have sustained by reason of a breach of this portion of the contract. Whether the court was correct in this opinion or not, it is very obvious that it is no ground of complaint for the plaintiff here.

There was, in truth, no evidence, (at least the bill of exceptions

shows none,) to sustain the plaintiff's declaration in this particular; the plaintiff's own witnesses stated that the land was cultivated as well as it could have been that season.

Judgment affirmed.